THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERRY MCLAUGHLIN,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, acting Commissioner of Social Security,<br><br>  Defendant. | CASE NO. C12-2111-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Carolyn W. Colvin's objections (Dkt. No. 22) to the Report and Recommendation (Dkt. No. 20) of the Honorable Mary Alice Theiler, United States Magistrate Judge, which recommends that the Commissioner's decision be reversed and remanded for an award of benefits. Having thoroughly considered the Report and Recommendation, Defendant's objections thereto, Plaintiff's response, and the relevant record, the Court hereby OVERRULES Defendant's objections and ADOPTS the Report and Recommendation in full.

I.  **DISCUSSION**

A district court must conduct a *de novo* review of those portions of a magistrate judge's report to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects when he or she files "specific written objections" to the magistrate judge's report as required under Federal Rule of Civil Procedure 72(b)(2). Here, Defendant argues that

Plaintiff was not physically disabled for twelve months or more, disqualifying Plaintiff from receiving disability benefits. (Dkt. No. 22 at 2.) Defendant also argues that, if Plaintiff cannot receive benefits for his physical disability, the undefined onset-date of Plaintiff's conceded mental disability is determinative as to the benefits he will receive, and so the Court must determine an onset date of that disability. (*Id.* at 2–3.)

### A. Physical Disability

To be found disabled under the Social Security Act, Plaintiff must demonstrate that his impairment "lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Defendant argues that the Magistrate Judge cannot base a finding of disability on Dr. Byeon's medical opinion, because Dr. Byeon only evaluated Plaintiff once, on April 20, 2010, at which time he estimated that Plaintiff's impairment would continue for approximately six additional months without medical treatment. (Dkt. No. 11 at 785.) Thus, Defendant argues, Plaintiff was only provably disabled for six months.

However, that ignores the rest of the medical history in the administrative record, which demonstrates that Plaintiff was disabled both before and after his meeting with Dr. Byeon and the subsequent six month period. Effectively, Defendant confuses the date of Plaintiff's diagnosis with the onset date of his disability. However, the date of diagnosis is not determinative as to when an individual first became disabled. *See Morgan v. Sullivan*, 945 F.2d 1079, 1081 (9th Cir. 1991) ("The significant date for disability compensation is the date of onset of the disability rather than the date of diagnosis."); *Martin v. Shalala*, 927 F. Supp. 536, 541 (D.N.H. 1995) ("Correctly determining the onset date of disability is critical for two reasons; it may affect the period for which the individual can be paid and may even be determinative of whether an individual is entitled to or eligible for benefits."); S.S.R. 83-20, at *2 (Cum. Ed. 1983-1991) (outlining how to determine the date of onset).

In this case, record evidence demonstrates that Plaintiff was actually disabled long before

Dr. Byeon's diagnosis, and continued to be disabled beyond the six-month period after that diagnosis. The Social Security Administration's Program Policy Statement notes that "[t]he starting point in determining the date of onset of [a] disability [of nontraumatic origin] is the individual's statement as to when disability began." *Id.* "In determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available." *Id.* at *3. Here, Plaintiff has repeatedly and consistently alleged that the date of onset of his disability is April 5, 2008. (Dkt. No. 11 at 159, 193.) Furthermore, "[t]he day the impairment caused the individual to stop work is . . . of great significance" in determining the onset date. S.S.R. 83-20, at *2. Here, Plaintiff has not engaged in "substantial gainful activity" since at least April 5, 2008. (Dkt. No. 11 at 20.)

Finally, "medical evidence serves as the primary element in the onset determination." S.S.R. 83-20, at *2. There are a number of medical reports and records of treatment, which as a whole are consistent with an April 5, 2008 onset date. On April 10, 2008, Dr. Andy Vu found that Plaintiff's work level was "severely limited," and that he had problems with the mobility and flexibility of his back. (Dkt. No. 11 at 287–88.) Plaintiff was treated for lumbar problems through 2008 and 2009. (*Id.* at 352-54, 420, 432, 436, 439, 500–01.) He had physical therapy in January 2009 to treat problems with walking, sitting, and lifting. (*Id.* at 480.) In February 2010, Dr. Miller found that Plaintiff had lumbar degeneration and chronic back pain. (*Id.* at 556.)

Because the medical record evidence, including both medical reports and records of medical treatment, is "consistent with" the onset date alleged by Plaintiff, S.S.R. 83-20, at *2, there is no need to remand the case to the Administrative Law Judge for a determination of the onset date of Plaintiff's physical disability. Defendant points to no medical evidence supporting a different onset date for Plaintiff's physical disability. Thus, by the time Dr. Byeon diagnosed Plaintiff in 2010, he had already been disabled for more than twelve months, qualifying him for benefits.

Furthermore, Defendant has not demonstrated that Plaintiff stopped being disabled six

ORDER
PAGE - 3

months after Dr. Byeon's diagnosis. Regardless of Dr. Byeon's prediction in April 2010, medical records demonstrate that Plaintiff still had physical problems even after the predicted six-month period lapsed. For instance, in January 2011, Plaintiff was again found to have tenderness in his lumbar area, as well as other physical problems. (Dkt. No. 11 at 807–09.)

Thus, Plaintiff satisfies the twelve-month disability requirement. The onset date of his physical disability is April 5, 2008.

### B.  Mental Disability

Defendant does not contest the current existence of Plaintiff's mental disability, but asks the Court to determine its onset date. (Dkt. No. 22 at 2–3.) However, because Plaintiff's qualifying physical disability has a clearly determinable onset date, there is no need to determine an onset date for his mental disability. Whether or not the onset date for Plaintiff's mental disability is October 16, 2008, or April 14, 2011, or some other date entirely, Plaintiff was physically disabled starting on April 5, 2008, which is therefore the governing date for awarding benefits.

## II.  CONCLUSION

For the foregoing reasons, Defendant's objections (Dkt. No. 22) are OVERRULED. The Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 20) is ADOPTED IN FULL. The final decision of the Commissioner is REVERSED and the case is REMANDED to the Social Security Administration for the purpose of awarding benefits. The Clerk is directed to send copies of this Order to the parties and to Judge Theiler.

//

//

//

//

//

1   DATED this 14th day of September 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 5